No. 26-1844

In The

# United States Court of Appeals
### For the Fourth Circuit

O.R., by and through his parents, Cheryl Rogers and Greg Rogers, on behalf of himself and those similarly situated; Cheryl Rogers, Greg Rogers; E.G., by and through her mother, Amber Galea, on behalf of herself and those similarly situated; M.G., by and through her mother, Amber Galea; and W.M., by and through his mother, Kersey Clark,

*Plaintiffs-Appellees*,

v.

Greenville County Library System; Beverly James, in her official capacity as Executive Director of the Greenville Library System; Karen Allen, in her official capacity as Youth Services Manager of the Greenville County Library System.

*Defendants-Appellants.*

On Appeal from the United States District Court
District of South Carolina (Columbia)
No. 6:25-cv-02599-DCC
Hon. Donald Cecil Coggins, Jr.

## Plaintiffs-Appellees' Objection to Defendants-Appellants' Docketing Statement

*Counsel on Following Page*

Allen Chaney
Samuel Kennedy
ACLU of South Carolina
P.O. Box 1668
Columbia, SC
(864) 372-6681
(762)533-0797
achaney@aclusc.org
skennedy@aclusc.org

Shana Knizhnik
Joshua Block
American Civil Liberties
Union Foundation
125 Broad Street, Floor 18
New York, NY, 10004
(212) 549-2500
sknizhnik@aclu.org
jblock@aclu.org

*Counsel for Plaintiffs-Appellees*

## Introduction

Plaintiffs object to Library Defendants' Docketing Statement because it incorrectly lists an issue for review that is beyond the scope of appellate jurisdiction that was certified by the district court, Dist. Ct. Dkt. No. 50 (certifying First Amendment claims for appellate review), and accepted by this Court under 28 U.S.C. § 1292(b), *see* Dkt. No. 17, Case No. 26-178 (granting petition for interlocutory review).

## Background

In the district court, Library Defendants moved to dismiss all of Plaintiffs' claims. Applying distinct analyses, the district court denied the motion to dismiss one of Plaintiffs' First Amendment claims, Dist. Ct. Dkt. No. 44 at 18–30, and both of their Equal Protection claims, *id.* at 30–34. Thereafter, Library Defendants asked the district court to certify its First Amendment order (but not Equal Protection order) for interlocutory review under 28 U.S.C. § 1292(b). Dist. Ct. Dkt. No. 47. The district court agreed. *See* Dist. Ct. Dkt. No. 50. In its certification order, the district court clarified that it was only certifying the portion of the order addressed by the Library Defendants' motion—Plaintiffs' First Amendment claim. Specifically, the district court explained:

> The Library Defendants also move for reconsideration or to stay. *See* ECF No. 47. While their request for relief related to the reconsideration or to stay address the Plaintiffs' Equal Protection claims, which the Court also declined to dismiss, it appears to the Court that the *Library Defendants only seek a*

1

> *certificate of appealability as to the Court's ruling on one of Plaintiffs' First Amendment claims. See id.* Accordingly, the Court's analysis is limited to the relief that the Library Defendants specifically seek in their Motion.

*Id.* at 6 n.4 (emphasis added).

After that, Library Defendants petitioned for interlocutory review from this Court. Dkt. No. 2, Case No. 26-178. Again, Library Defendants argued that interlocutory review was appropriate to review two "dispositive legal questions": (1) "whether the First Amendment provides an affirmative constitutional right whereby a member of the public can compel the government to provide (or keep providing) him with information of his choosing at taxpayer expense," and (2) "whether the selection, curation, and management of public library materials is government speech that's not subject to the Free Speech Clause." *Id.* at 1. Plaintiffs did not object, Dkt. No. 15, and the Court granted the petition, Dkt. No. 17.

Despite that procedural history, Library Defendants' Docketing Statement includes a new, standalone issue statement regarding Plaintiffs' Equal Protection claim. Dkt. No. 8, Case No. 26-1844.

## ARGUMENT

### I. Library Defendants did not seek, and no court has granted, interlocutory review of Plaintiffs' equal protection claims.

Appellate jurisdiction under 28 U.S.C. § 1292(b) attaches to the certified order, and this Court "may not reach beyond the certified order to address other orders made in the case." *Yamaha Motor Corp., U.S.A. v.*

*Calhoun*, 516 U.S. 199, 205 (1996). As recognized by the Fifth and Sixth Circuits, an "order" for purposes of interlocutory jurisdiction covers only the portion of the opinion "resolving [the] discrete motion or claim" that was certified. *Little v. Louisville Gas & Elec. Co.*, 805 F.3d 695, 699–700 (6th Cir. 2015); *see also Fed. Deposit Ins. Corp. v. Dye*, 642 F.2d 833, 837 & n.6 (5th Cir. 1981). If an order was not certified by the district court for appellate review, the appellate court lacks jurisdiction. *Little*, 805 F.3d at 699 ("Because the district court did not certify for interlocutory appeal its orders dismissing most of plaintiffs' federal law claims, § 1292(b) does not empower this court to consider those orders on interlocutory appeal.").

Here, the district court's certification order explicitly *excluded* its Equal Protection order. *See* Dkt. No. 50 at 6 n.4. Thus, this Court lacks jurisdiction over Plaintiffs' equal protection claims, including the third "issue" identified in Defendants' docketing statement.

## II. The district court's equal protection order is not inextricably intertwined with its First Amendment analysis.

A court of appeals "may address any issue fairly included within the certified order," *Yamaha*, 516 U.S. at 205, but an uncertified ruling is "fairly included" only if it is "inextricably intertwined" with the certified one. *Peterson ex rel. E v. UnitedHealth Grp. Inc.*, 913 F.3d 769, 774 (8th Cir. 2019). This Court has found that two orders are inextricably intertwined only when "the same specific question will underlie both," such that resolving the question "will necessarily resolve the appeals from both orders

at once." *Indus. Servs. Grp., Inc. v. Dobson*, 68 F.4th 155, 167 (4th Cir. 2023) (cleaned up).

Here, the two rulings are not intertwined. The district court rejected the Library Defendants' argument that the equal protection claims were "nothing more than a reframing" of the First Amendment claims and held that the claims are "distinguishable," ultimately declining to dismiss the claims based on an equal protection analysis. Dist. Ct. Dkt. 44 at 30–31. Resolving the certified First Amendment questions—whether patrons have a right to receive information, and whether library curation is government speech—would not resolve whether the challenged policies deny equal treatment to LGBTQ+ library patrons. Nor would resolving the equal protection question resolve the certified First Amendment questions. The Library Defendants did not seek certification of the equal protection ruling, and it may not be brought within this appeal by listing it on a docketing statement.

\*　　\*　　\*

For these reasons, this Court lacks jurisdiction over the district court's denial of the motion to dismiss Plaintiffs' equal protection claims. Plaintiffs respectfully request that the Court confirm that this appeal is limited to Issues 1 and 2.